UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRANDON BARTH; MARK )
CAMPOPIANO; DAVID JUBINVILLE; )
JUSTIN RUTKIEWICZ; and RYAN )
SHORE, )
    Plaintiffs, )
)
v. )    C.A. No. 20-155-JJM-LDA
)
CITY OF CRANSTON, by and through )
its Treasurer David A. Capuano; )
INTERNATIONAL BROTHERHOOD )
OF POLICE OFFICERS, LOCAL 301; )
AND MATTHEW J. JOSEFSON, )
    Defendants. )

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief United States District Judge.

Plaintiffs Brandon Barth, Mark Campopiano, David Jubinville, Justin Rutkiewicz, and Ryan Shore are Sergeants in the Cranston Police Department. They sued the City of Cranston, the International Brotherhood of Police Officers, Local 301 ("Union"), and Cranston Police Officer Matthew Josefson for breach of contract, breach of the duty of fair representation, and violations of the Takings Clause for damages resulting from Sergeant Josefson's rank restoration that caused Plaintiffs' loss of seniority and other benefits. Plaintiffs also seek a declaratory judgment that the City violated the Collective Bargaining Agreement ("CBA"). The City and the Union have moved for summary judgment and because the Court finds that the record does not present disputed issues of material fact on these claims, and the

Defendants are entitled to judgment as a matter of law, the Court GRANTS both motions. ECF Nos. 32, 35.

I. BACKGROUND

Cranston Police Officer Matthew Josefson was promoted to Sergeant in November 2013. He was later accused of wrongdoing and accepted a demotion to the rank of officer as punishment. During Officer Josefson's demotion period, the City promoted Plaintiffs to Sergeant. Three years later, Officer Josefson sued the City, alleging due process violations during his discipline and demotion process.[1] Officer Josefson and the City engaged in settlement negotiations; the Union did not take part. A Consent Judgment entered after the parties reached a settlement restoring his rank.

After the City restored Sergeant Josefson to the rank of sergeant, the Cranston Police Department employed twenty sergeants even though the CBA sets a staffing limit at nineteen. Rather than demoting one, the City decided to keep all of them and allow the twentieth position to go away through attrition. For its part, the Union accused the City of violating the CBA by not including it in the settlement negotiations and moved to make the twentieth Sergeant position permanent. The arbitrator issued her decision, finding for the City in part and the Union in part. The arbitrator ordered the City to negotiate the effects of the Consent Judgment with the Union. The City filed a Petition to Vacate the arbitrator's decision. The arbitrator denied that petition.

---

[1] *Josefson v. Fung, et al.*, C.A. No. 16-cv-154-JJM-PAS (D.R.I.).

2

Thereafter, Plaintiffs sued the City for breach of contract and violations of the Takings Clause. They sued the Union for breach of the duty of fair representation for not bargaining on their behalf and for declaratory judgment. Plaintiffs argue that Sergeant Josefson's restoration adversely affected them because when the City restored him, he outranked them even though he was not a sergeant when the City promoted the Plaintiffs. They have lost seniority rights that accrued during Sergeant Josefson's agreed-upon demotion, which impacts their overtime, compensatory time, acting out of rank time, vacation picks, and attendance at training and schools. These impacts, they assert, are the result of the City's breach of the CBA and the Union's failure to bargain on their behalf.

Both the City and the Union move for summary judgment. ECF Nos. 32, 35. Plaintiffs oppose both motions, arguing that a jury should decide their claims based on the disputed issues of material fact in the record.

## II.   STANDARD OF REVIEW

When ruling on a motion for summary judgment, the court must look to the record and view all the facts and inferences therefrom in the light most favorable to the nonmoving party. *Continental Cas. Co. v. Canadian Univ. Ins. Co.*, 924 F.2d 370, 373 (1st Cir. 1991). Once this is done, Rule 56 requires that summary judgment be granted if there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. A material fact is one affecting the lawsuit's outcome. *URI Cogeneration Partners, L.P. v. Bd. of Governors for Higher Edu.*, 915 F. Supp. 1267, 1279 (D.R.I. 1996).

## III. DISCUSSION

The Court begins its analysis of the claims for breach in Counts 2 and 3 in which Plaintiffs assert that the City breached the CBA, and that the Union breached its duty of fair representation. A lawsuit comprised of these two claims "is commonly referred to as a 'hybrid' suit." *Miller v. U.S. Postal Serv.*, 985 F.2d 9, 10 (1st Cir. 1993) (citing *Reed v. United Transp. Union*, 488 U.S. 319, 327 (1989)). "To succeed in a hybrid breach of contract and fair representation claim, appellant must establish not only that the employer breached the contract, but *also* that his union breached its duty of fair representation." *Miller*, 985 F.2d at 11. "[F]ailure to prove either one of them results in failure of the entire hybrid action." *Id.* (citing *DelCostello v. Teamsters*, 462 U.S. 151, 164–65 (1983)); *Bryan v. Am. Airlines, Inc.*, 988 F.3d 68, 71 (1st Cir. 2021).

Because a finding on one claim is dispositive of the other, the Court will consider the Union's motion on Count 3 first.

### A. Count 3 – Breach of the Duty of Fair Representation against the Union

Plaintiffs argue that the Union failed in its duty to fairly represent them because it did not do enough to protect their rank seniority earned before the City restored Sergeant Josefson's rank. In their eyes, the Union should have pursued Plaintiffs' own grievance either to arbitration or in some other way that would have resulted in protecting their rank seniority. The Union counters that it did everything in its power and its discretion to support Plaintiffs' position that the Consent Judgment harmed their positions within the police department.

4

"A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). To establish a breach of the duty of fair representation, "it must be shown that [the] handling of the grievance was itself materially deficient." *Early v. E. Transfer*, 699 F.2d 552, 556 (1st Cir. 1983). A union has satisfied its burden of fair representation unless, "in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *Air Line Pilots v. O'Neill*, 499 U.S. 65, 67 (1991) (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)).

An individual employee does not have an "absolute right to have his grievance taken to arbitration." *Vaca*, 386 U.S. at 191. In other words, a union does not have to pursue every grievance made by its membership. *Hines v. Anchor Motor Freight*, 424 U.S. 554, 567–68 (1976) (quoting *Vaca*, 386 U.S. at 190–91); *Berrigan v. Greyhound Lines, Inc.*, 782 F.2d 295, 298 (1st Cir. 1986) (finding that if a union were held to arbitrate "a case that it felt had little basis in the contract, it arguably would jeopardize its credibility with the employer for purposes of later, more supportable, disputes with management policies, instituted on behalf of all members").

Plaintiffs must present a material dispute on a central element of their claim – whether any of the Union's decision-making was premised upon bad faith or discriminatory intent or otherwise arbitrary. According to the undisputed facts, the Union was not involved with or even informed of the Consent Judgment negotiation or outcome. After it learned of the Consent Judgment terms, the Union first tried –

5

albeit unsuccessfully – to negotiate the effects of it. Plaintiffs asked the Union to file a grievance asking the City to put Plaintiffs ahead of Sergeant Josefson on the seniority listing. There is no dispute that the Union decided not to pursue Plaintiffs' grievance based on legal advice that it could not request a re-adjustment of the Sergeants' seniority without conflicting with the Consent Judgment.

Nothing in the record indicates that the Union, through its conduct after it learned that the Consent Judgment entered and subsequent decision not to proceed with Plaintiffs' grievance, could be found to have acted in bad faith. Plaintiffs have not made the minimal showing that would warrant a jury trial on a breach of the duty of fair representation claim. While the outcome of the Union's efforts in pursuing their grievances may have disappointed Plaintiffs, that "disappointment, without more, does not give rise to a claim against the [u]nion for the breach of its duty of fair representation." *Williams v. Sea–Land Corp.*, 844 F.2d 17, 21 (1st Cir. 1988; *Early*, 689 F.2d at 557 (a union does not breach its duty of fair representation when it interprets the CBA differently than its members). The Court GRANTS the Union's Motion for Summary Judgment on Count 3.

## B. Remaining Claims in Counts 1 and 2 against the City

Plaintiffs sue the City in Counts 1 and 2 in this joint breach of contract–breach of the duty of fair representation action. But because Plaintiffs "failed to make a case against the Union, the symbiotic nature of the hybrid action requires that [the Court] also reject the action against the [employer]." *Miller*, 985 F.2d at 13. Plaintiffs' request for declaratory judgment, declaring that the City violated the CBA by nullifying their seniority accrued before the City restored Sergeant Josefson's rank

seniority in the Consent Judgment and their breach of contract claims fails. The Court GRANTS the City's motion on Counts 1 and 2.

### C. Count 4 – Violation of the Takings Clause against the City

Plaintiffs allege that the City violated the Takings Clause of the Fifth Amendment to the United States Constitution by restoring Sergeant Josefson's rank seniority even though that agreement went against provisions in the Personnel Rules and the CBA. The City counters that the Takings Clause does not protect against *any* property deprivation and that no constitutionally protected property rights arise out of the Personnel Rules or the CBA.

The Takings Clause prohibits taking private property ". . . for public use, without just compensation." U.S. Const. Amend. V. To survive summary judgment, Plaintiffs must first establish a property right in any seniority ranking system. *Hoffman v. City of Warwick*, 909 F.2d 608, 615 (1st Cir. 1990). A mere "expectation" to a property right cannot sustain a Takings claim. *Hoffman*, 909 F.2d at 616 (citing *U.S. R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 174 (1980)).

First, the City points out that Plaintiffs do not allege or present evidence of how the City took their seniority rights for public use. Given that, their Takings Clause argument withers on the vine. Beyond that, the Court does not find more fertile ground for Plaintiffs' constitutional argument grounded in either the Personnel Rules or the CBA. These two documents have seniority credit provisions that state that credit is given "for actual service only" and that require "continuous service" to earn seniority. The City violated this rule, they argue, by granting Sergeant Josefson back his seniority

7

for the period the City had demoted him when he did not actually serve as sergeant during that time.

How the CBA or Personnel Rules define service and whether Sergeant Josefson actually or continually served to earn his seniority is not relevant to Plaintiffs' Takings Clause claim. Neither the Personnel Rules nor the CBA provisions provide the level of protection for seniority to justify a Takings Clause claim. Legislatures create the Personnel Rules, the CBA is an agreement that is bargained for and both documents are subject to negotiation and change. They set expectations of Plaintiffs' conditions of employment and compensation but having expectations that the Personnel Rules and CBA protect seniority is not enough to allow a Takings Clause claim to survive the City's summary judgment motion. *Hoffman*, 909 F.2d at 616 (an expectation of a property right does not sustain a Takings Claim).

## IV. CONCLUSION

While making Sergeant Josefson whole by restoring his rank may have weakened Plaintiffs' rank seniority, Plaintiffs do not have a remedy in the claims before the Court. The Court GRANTS the City's, the Union's, and Sergeant Josefson's Motions for Summary Judgment. ECF Nos. 32, 35.

IT IS SO ORDERED.

---

John J. McConnell, Jr.
Chief Judge
United States District Court

August 2, 2021

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRANDON BARTH; MARK
CAMPOPIANO; DAVID JUBINVILLE;
JUSTIN RUTKIEWICZ; and RYAN
SHORE,
    Plaintiffs,

v.

CITY OF CRANSTON, by and through
its Treasurer David A. Capuano;
INTERNATIONAL BROTHERHOOD
OF POLICE OFFICERS, LOCAL 301;
AND MATTHEW J. JOSEFSON,
    Defendants.

C.A. No. 20-155-JJM-LDA

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief United States District Judge.

Plaintiffs Brandon Barth, Mark Campopiano, David Jubinville, Justin Rutkiewicz, and Ryan Shore are Sergeants in the Cranston Police Department. They sued the City of Cranston, the International Brotherhood of Police Officers, Local 301 ("Union"), and Cranston Police Officer Matthew Josefson for breach of contract, breach of the duty of fair representation, and violations of the Takings Clause for damages resulting from Sergeant Josefson's rank restoration that caused Plaintiffs' loss of seniority and other benefits. Plaintiffs also seek a declaratory judgment that the City violated the Collective Bargaining Agreement ("CBA"). The City and the Union have moved for summary judgment and because the Court finds that the record does not present disputed issues of material fact on these claims, and the

Defendants are entitled to judgment as a matter of law, the Court GRANTS both motions. ECF Nos. 32, 35.

I. BACKGROUND

Cranston Police Officer Matthew Josefson was promoted to Sergeant in November 2013. He was later accused of wrongdoing and accepted a demotion to the rank of officer as punishment. During Officer Josefson's demotion period, the City promoted Plaintiffs to Sergeant. Three years later, Officer Josefson sued the City, alleging due process violations during his discipline and demotion process.[1] Officer Josefson and the City engaged in settlement negotiations; the Union did not take part. A Consent Judgment entered after the parties reached a settlement restoring his rank.

After the City restored Sergeant Josefson to the rank of sergeant, the Cranston Police Department employed twenty sergeants even though the CBA sets a staffing limit at nineteen. Rather than demoting one, the City decided to keep all of them and allow the twentieth position to go away through attrition. For its part, the Union accused the City of violating the CBA by not including it in the settlement negotiations and moved to make the twentieth Sergeant position permanent. The arbitrator issued her decision, finding for the City in part and the Union in part. The arbitrator ordered the City to negotiate the effects of the Consent Judgment with the Union. The City filed a Petition to Vacate the arbitrator's decision. The arbitrator denied that petition.

---

[1] *Josefson v. Fung, et al.*, C.A. No. 16-cv-154-JJM-PAS (D.R.I.).

2

Thereafter, Plaintiffs sued the City for breach of contract and violations of the Takings Clause. They sued the Union for breach of the duty of fair representation for not bargaining on their behalf and for declaratory judgment. Plaintiffs argue that Sergeant Josefson's restoration adversely affected them because when the City restored him, he outranked them even though he was not a sergeant when the City promoted the Plaintiffs. They have lost seniority rights that accrued during Sergeant Josefson's agreed-upon demotion, which impacts their overtime, compensatory time, acting out of rank time, vacation picks, and attendance at training and schools. These impacts, they assert, are the result of the City's breach of the CBA and the Union's failure to bargain on their behalf.

Both the City and the Union move for summary judgment. ECF Nos. 32, 35. Plaintiffs oppose both motions, arguing that a jury should decide their claims based on the disputed issues of material fact in the record.

## II.   STANDARD OF REVIEW

When ruling on a motion for summary judgment, the court must look to the record and view all the facts and inferences therefrom in the light most favorable to the nonmoving party. *Continental Cas. Co. v. Canadian Univ. Ins. Co.*, 924 F.2d 370, 373 (1st Cir. 1991). Once this is done, Rule 56 requires that summary judgment be granted if there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. A material fact is one affecting the lawsuit's outcome. *URI Cogeneration Partners, L.P. v. Bd. of Governors for Higher Edu.*, 915 F. Supp. 1267, 1279 (D.R.I. 1996).

## III. DISCUSSION

The Court begins its analysis of the claims for breach in Counts 2 and 3 in which Plaintiffs assert that the City breached the CBA, and that the Union breached its duty of fair representation. A lawsuit comprised of these two claims "is commonly referred to as a 'hybrid' suit." *Miller v. U.S. Postal Serv.*, 985 F.2d 9, 10 (1st Cir. 1993) (citing *Reed v. United Transp. Union*, 488 U.S. 319, 327 (1989)). "To succeed in a hybrid breach of contract and fair representation claim, appellant must establish not only that the employer breached the contract, but *also* that his union breached its duty of fair representation." *Miller*, 985 F.2d at 11. "[F]ailure to prove either one of them results in failure of the entire hybrid action." *Id.* (citing *DelCostello v. Teamsters*, 462 U.S. 151, 164–65 (1983)); *Bryan v. Am. Airlines, Inc.*, 988 F.3d 68, 71 (1st Cir. 2021).

Because a finding on one claim is dispositive of the other, the Court will consider the Union's motion on Count 3 first.

### A. Count 3 – Breach of the Duty of Fair Representation against the Union

Plaintiffs argue that the Union failed in its duty to fairly represent them because it did not do enough to protect their rank seniority earned before the City restored Sergeant Josefson's rank. In their eyes, the Union should have pursued Plaintiffs' own grievance either to arbitration or in some other way that would have resulted in protecting their rank seniority. The Union counters that it did everything in its power and its discretion to support Plaintiffs' position that the Consent Judgment harmed their positions within the police department.

4

"A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). To establish a breach of the duty of fair representation, "it must be shown that [the] handling of the grievance was itself materially deficient." *Early v. E. Transfer*, 699 F.2d 552, 556 (1st Cir. 1983). A union has satisfied its burden of fair representation unless, "in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *Air Line Pilots v. O'Neill*, 499 U.S. 65, 67 (1991) (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)).

An individual employee does not have an "absolute right to have his grievance taken to arbitration." *Vaca*, 386 U.S. at 191. In other words, a union does not have to pursue every grievance made by its membership. *Hines v. Anchor Motor Freight*, 424 U.S. 554, 567–68 (1976) (quoting *Vaca*, 386 U.S. at 190–91); *Berrigan v. Greyhound Lines, Inc.*, 782 F.2d 295, 298 (1st Cir. 1986) (finding that if a union were held to arbitrate "a case that it felt had little basis in the contract, it arguably would jeopardize its credibility with the employer for purposes of later, more supportable, disputes with management policies, instituted on behalf of all members").

Plaintiffs must present a material dispute on a central element of their claim – whether any of the Union's decision-making was premised upon bad faith or discriminatory intent or otherwise arbitrary. According to the undisputed facts, the Union was not involved with or even informed of the Consent Judgment negotiation or outcome. After it learned of the Consent Judgment terms, the Union first tried –

albeit unsuccessfully – to negotiate the effects of it. Plaintiffs asked the Union to file a grievance asking the City to put Plaintiffs ahead of Sergeant Josefson on the seniority listing. There is no dispute that the Union decided not to pursue Plaintiffs' grievance based on legal advice that it could not request a re-adjustment of the Sergeants' seniority without conflicting with the Consent Judgment.

Nothing in the record indicates that the Union, through its conduct after it learned that the Consent Judgment entered and subsequent decision not to proceed with Plaintiffs' grievance, could be found to have acted in bad faith. Plaintiffs have not made the minimal showing that would warrant a jury trial on a breach of the duty of fair representation claim. While the outcome of the Union's efforts in pursuing their grievances may have disappointed Plaintiffs, that "disappointment, without more, does not give rise to a claim against the [u]nion for the breach of its duty of fair representation." *Williams v. Sea–Land Corp.*, 844 F.2d 17, 21 (1st Cir. 1988; *Early*, 689 F.2d at 557 (a union does not breach its duty of fair representation when it interprets the CBA differently than its members). The Court GRANTS the Union's Motion for Summary Judgment on Count 3.

### B.    Remaining Claims in Counts 1 and 2 against the City

Plaintiffs sue the City in Counts 1 and 2 in this joint breach of contract–breach of the duty of fair representation action. But because Plaintiffs "failed to make a case against the Union, the symbiotic nature of the hybrid action requires that [the Court] also reject the action against the [employer]." *Miller*, 985 F.2d at 13. Plaintiffs' request for declaratory judgment, declaring that the City violated the CBA by nullifying their seniority accrued before the City restored Sergeant Josefson's rank

6

seniority in the Consent Judgment and their breach of contract claims fails. The Court GRANTS the City's motion on Counts 1 and 2.

### C.     Count 4 – Violation of the Takings Clause against the City

Plaintiffs allege that the City violated the Takings Clause of the Fifth Amendment to the United States Constitution by restoring Sergeant Josefson's rank seniority even though that agreement went against provisions in the Personnel Rules and the CBA. The City counters that the Takings Clause does not protect against *any* property deprivation and that no constitutionally protected property rights arise out of the Personnel Rules or the CBA.

The Takings Clause prohibits taking private property ". . . for public use, without just compensation." U.S. Const. Amend. V. To survive summary judgment, Plaintiffs must first establish a property right in any seniority ranking system. *Hoffman v. City of Warwick*, 909 F.2d 608, 615 (1st Cir. 1990). A mere "expectation" to a property right cannot sustain a Takings claim. *Hoffman*, 909 F.2d at 616 (citing *U.S. R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 174 (1980)).

First, the City points out that Plaintiffs do not allege or present evidence of how the City took their seniority rights for public use. Given that, their Takings Clause argument withers on the vine. Beyond that, the Court does not find more fertile ground for Plaintiffs' constitutional argument grounded in either the Personnel Rules or the CBA. These two documents have seniority credit provisions that state that credit is given "for actual service only" and that require "continuous service" to earn seniority. The City violated this rule, they argue, by granting Sergeant Josefson back his seniority

7

for the period the City had demoted him when he did not actually serve as sergeant during that time.

How the CBA or Personnel Rules define service and whether Sergeant Josefson actually or continually served to earn his seniority is not relevant to Plaintiffs' Takings Clause claim. Neither the Personnel Rules nor the CBA provisions provide the level of protection for seniority to justify a Takings Clause claim. Legislatures create the Personnel Rules, the CBA is an agreement that is bargained for and both documents are subject to negotiation and change. They set expectations of Plaintiffs' conditions of employment and compensation but having expectations that the Personnel Rules and CBA protect seniority is not enough to allow a Takings Clause claim to survive the City's summary judgment motion. *Hoffman*, 909 F.2d at 616 (an expectation of a property right does not sustain a Takings Claim).

## IV.   CONCLUSION

While making Sergeant Josefson whole by restoring his rank may have weakened Plaintiffs' rank seniority, Plaintiffs do not have a remedy in the claims before the Court. The Court GRANTS the City's, the Union's, and Sergeant Josefson's Motions for Summary Judgment. ECF Nos. 32, 35.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

August 2, 2021